CATHERINE A. CONWAY (SBN 98366)
cconway@akingump.com
REX S. HEINKE (SBN 66163)
rheinke@akingump.com
JOANNA H. KIM (SBN 183799)
jkim@akingump.com
**AKIN GUMP STRAUSS HAUER & FELD LLP**
2029 Century Park East, Suite 2400
Los Angeles, California 90067
Telephone:    310.229.1000
Facsimile:    310.229.1001

Attorneys for Plaintiff CHRISTOPHER O'SHEA,
GISELE ROGERS and JEFF ADAMS

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER O'SHEA, GISELE ROGERS and JEFF ADAMS, individually, on behalf of themselves and all others similarly situated,<br><br>          Plaintiffs,<br><br>     v.<br><br>EPSON AMERICA, INC., a California corporation; EPSON ACCESSORIES, INC., a California corporation; and DOES 1-100, inclusive,<br><br>          Defendants. | Case No. CV09-8063 PSG (CWx)<br><br>[The Honorable Philip S. Gutierrez]<br><br>**AKIN GUMP'S OBJECTIONS TO THE DECLARATION OF CHARLES W. WOLFRAM FILED WITH DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISQUALIFY**<br><br>Date:    May 17, 2010<br>Time:    1:30 p.m.<br>Crtrm:  Roybal, 880 |

6461664

AKIN GUMP'S OBJECTIONS TO THE DECLARATION OF CHARLES W. WOLFRAM
Case No. CV09-8063 PSG (CWx)

1    Akin Gump Strauss Hauer & Feld, LLP ("Akin Gump") hereby submit the

2  following evidentiary objections to the Declaration of Charles W. Wolfram ("Wolfram

3  Decl."), filed by Defendants Epson America, Inc. and Epson Accessories, Inc.

4  (collectively, "Epson") along with Epson's Reply in Support of Motion to Disqualify

5  Plaintiffs' Counsel.  For the reasons set forth below, Akin Gump respectfully request

6  that the Court strike all matters to which these objections are interposed:

7

8  **I.    EPSON IMPROPERLY SUBMITS THE WOLFRAM DECLARATION AS**

9  **NEW MATERIAL AS PART OF ITS REPLY**

10    The Wolfram Declaration should be stricken on the ground that it was untimely

11 filed as new material in support of Epson's Reply, instead of being filed concurrently

12 with Epson's Motion, as required.  Federal Rules of Civil Procedure, Rule 6(c)(2)

13 requires that "[a]ny affidavit supporting a motion must be served with the motion." Fed.

14 R. Civ. Proc. 6(c)(2).  As such, the Ninth Circuit has recognized that "it is generally

15 improper for a moving party to introduce new facts or different legal arguments in the

16 reply brief beyond those that were presented in the moving papers." *Ojo v. Farmers*

17 *Group, Inc.*, 565 F.3d 1175, 1185 n.13 (9th Cir. 2009); *see Zamani v. Carnes*, 491 F.3d

18 990, 997 (9th Cir. 2007).

19    Epson, however, sought an improper tactical advantage by belatedly filing the

20 Wolfram Declaration as part of Epson's Reply instead of filing as part of the moving

21 papers, as required.  While Epson tries to disguise this impropriety by couching the

22 Wolfram Declaration as merely a "response to the declaration of Robert Kehr,"

23 submitted by Yuhl Stoner, Wolfram Declaration goes far beyond the opinions expressed

24 in the declaration of Mr. Kehr ("Kehr Declaration").  Moreover, Kehr Declaration

25 comes as no surprise to Epson.  Epson cannot deny its knowledge that Yuhl Stoner had

26 obtained an ethics expert well before Epson filed its Motion.

27    In any event, there is no basis to consider the Wolfram Declaration against Akin

28 Gump.  Akin Gump neither submitted nor relied upon any expert declaration in support

6461664                                                1

1  of its Opposition to Epson's Motion to Disqualify. Thus, Epson cannot possibly justify

2  the belated offer of new evidence through the Wolfram Declaration against Akin Gump.

3       As such, the Wolfram Declaration should be stricken as untimely.

4

5  **II.   THE WOLFRAM DECLARATION SHOULD BE STRICKEN AS**

6         **IMPROPER LEGAL OPINION**

7       Akin Gump further objects to the Wolfram Declaration on the ground that it

8  constitutes improper legal opinion. *See Nationwide Transport Finance v. Cass*

9  *Information Systems, Inc.*, 523 F.3d 1051, 1058 (9th Cir. 2008) ("[A]n expert witness

10  cannot give an opinion as to her legal conclusion . . . ."); *In re Initial Public Offering*

11  *Securities Lit.*, 174 F. Supp. 2d 61, 64-67 (S.D.N.Y. 2001) (rejecting declaration of ***Mr.***

12  ***Wolfram*** offered in support of recusal motion on grounds that it improperly address the

13  ultimate legal conclusion); *In re McKesson HBOC, Inc. Securities Litigation*, 126

14  F.Supp.2d 1239, 1246-47 (N.D. Cal. 2000) (striking declarations of law professors

15  submitted on the ethical propriety of law firm's conduct as improper legal opinion). The

16  proffered testimony is nothing more than Mr. Wolfram's legal conclusion, based on

17  unsupported factual assumptions, concerning how the Court should decide the legal

18  issues in connection with this motion. (Wolfram Decl., at ¶¶2, 5-18.)

19       Indeed, Epson itself has objected to the declaration of Yuhl Stoner's expert, Mr.

20  Kehr, on the grounds that the testimony is purportedly improper legal conclusion. (*See*

21  Epson's Objections to the Declaration of Robert L. Kehr in Support of Yuhl Stoner Carr

22  LLP's Opposition to Defendants' Motion to Disqualify Plaintiffs' Counsel, at 1:7-3:12.)

23  Yet, Epson now purports to offer the Wolfram Declaration on the same issues. In other

24  words, Epson's arguments against the Kehr Declaration would apply equally to the

25  Wolfram Declaration. As such, the proffered testimony in the Wolfram Declaration

26  (Wolfram Decl., at ¶¶2, 5-18), should be stricken.

27

28

1    **III.    EPSON FAILS TO SHOW THAT MR. WOLFRAM IS QUALIFIED TO**

2            **TESTIFY REGARDING CALIFORNIA ETHICAL STANDARDS**

3            Akin Gump further objects to the Wolfram Declaration on the grounds that Epson

4    fails to meet its burden to show that Mr. Wolfram is qualified to testify concerning

5    California's ethical standards. *See* Fed. R. Evid. 702; *Lust v. Merrell Dow*

6    *Pharmaceutical, Inc.*, 89 F.3d 594, 598 (9th Cir. 1996).

7            Under Federal Rules of Evidence, Rule 702, an individual offering expert

8    testimony must be qualified by "knowledge, skill, experience, training, or education."

9    Fed. R. Evid. 702. As the proponent of the expert testimony, Epson has the burden to

10   establish its admissibility. *See Lust*, 89 F.3d 594 at 598. Epson offers no evidence that

11   Mr. Wolfram has any knowledge, skill, experience, training or education concerning

12   California's ethical standards.

13           In the Wolfram Declaration, Mr. Wolfram provides his experience in New York,

14   Minnesota and District of Columbia, and further states that he has been involved with

15   the writing of several treatise on legal ethics, which appear to deal with general ethical

16   principles. (Wolfram Decl., at ¶¶3-4.) However, there is no indication that any of these

17   principles concern California ethical standards. Moreover, Mr. Wolfram does not

18   identify having any experience or training regarding California's ethical standards.

19           Thus, the Wolfram Declaration should be excluded because Epson has failed to

20   meet its burden to establish that Mr. Wolfram is qualified to testify concerning

21   California's ethical standards.

22

23   **IV.    MR. WOLFRAM FAILS TO SUPPORT HIS OPINIONS WITH**

24           **RELIABLE PRINCIPLES AND METHODS**

25           Akin Gump further objects to the Wolfram Declaration on the grounds that his

26   opinions fail to satisfy the threshold standards for admissibility of expert testimony

27   pursuant to Federal Rules of Evidence, Rule 702, and *Daubert v. Merrill Dow*

28   *Pharmaceuticals*, 509 U.S. 579 (1993). Under these threshold standards, expert

6461664                                             3

1   testimony is admissible only where "the testimony is the product of reliable principles

2   and methods . . . ." Fed. R. Evid. 702. While the terms "principles" and "methods" may

3   convey that the standard is intended to address testimony regarding scientific

4   knowledge, these threshold standards are applicable to all expert witnesses. *See* Fed. R.

5   Evid. 702, Advisory Committee Notes, 2000 Amendments.

6       Here, the Wolfram Declaration does not identify any principles or methods upon

7   which Mr. Wolfram relies in reaching the conclusions in his declaration. Indeed, despite

8   citation to case law on collateral issues, Mr. Wolfram identifies no authority supporting

9   the primary conclusions set forth in his declaration.

10      Mr. Wolfram appears to base his conclusions on nothing more than his own

11  experience. While there is nothing inherently improper about an expert stating an

12  opinion based on his experience, "[i]f the witness is relying solely or primarily on

13  experience, then the witness must explain how that experience leads to the conclusions

14  reached, why that experience is a sufficient basis for the opinion, and how that

15  experience is reliably applied to the facts." *See* Fed. R. Evid. 702, Advisory Committee

16  Notes, 2000 Amendments; *see also Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 43

17  F.3d 1311, 1319 (9th Cir. 1995) ("We've been presented with only the experts'

18  qualifications, their conclusions and their assurances of reliability. Under *Daubert*,

19  that's not enough.").

20      So too here. Mr. Wolfram has offered nothing more than a description of his

21  purported qualifications, and a conclusory discussion of purported duties of counsel.

22  Mr. Wolfram does not even identify the standard upon which he analyzes these duties,

23  *i.e.*, what ethical rules he purports to apply. He provides no basis upon which the Court

24  can find that his opinions are based on any recognized ethical rules or standards.

25      As such, the Wolfram Declaration should be excluded because it does not meet

26  the threshold requirements for admissibility under Rule 702 and *Daubert*.

27

28

6461664

4

1  **V.**    **ADDITIONAL OBJECTIONS TO THE WOLFRAM DECLARATION**

2      **A.**    **Objections to ¶ 5, p. 3, lines 4-15.[1]**

3          1.    Declaration Testimony

4  "As does Mr. Kehr, I assume for purposes of my analysis the following facts.

5  Former Epson executive Fabrice Commelin ("Commelin") has been the client of YSC

6  and AG in a California state court proceeding ("State Claim") in which the Firms have

7  been representing Mr. Commelin against Epson claiming wrongful termination. Mr.

8  Commelin possesses confidential information of Epson that he obtained during his

9  employment with Epson, which would be material and relevant in the present class

10  action proceeding against Epson. Mr. Commelin has shared that confidential Epson

11  information extensively with both YSC and AG in the Firms' course of representing

12  Mr. Commelin in the State Claim. The Firms have also shared Epson's confidential

13  information in discussions and other exchanges between the two Firms, both in the

14  course of representing Mr. Commelin in the State Claim and in the course of

15  representing Plaintiffs in the present class action."

16          2.    Objections

17  Akin Gump objects to this proffered testimony on the grounds that it lacks

18  foundation and is not supported by sufficient facts and data. *See* Fed. R. Evid. 602, 702.

19  An expert may only testify based on hypothetical "assumptions" when the assumptions

20  are supported by the evidence. *See* Fed. R. Evid. 702, Advisory Committee Notes, 2000

21  Amendments ("The language 'facts or data' is broad enough to allow an expert to rely

22  on hypothetical facts *that are supported by the evidence*." [emphasis added]). Here,

23  Mr. Wolfram does not purport to have any personal knowledge concerning these

24  matters, and Epson has not submitted evidence in support of its motion to support Mr.

25  Wolfram's "assumptions." There is no evidence that Akin Gump has represented Mr.

26

27  _____

28  [1] As discussed below, the objections also apply to Wolfram Decl., ¶ 8, p.6. lines 1-
2; ¶ 9, p.6, lines 12-15; ¶ 15, p.8, lines 18-22.

6461664                                        5

1   Commelin in the state court proceeding – in fact, the evidence shows that Akin Gump's

2   representation of Mr. Commelin ended months before his case was filed in state court.

3   (*See* Deposition Transcript of Fabrice Commelin, at 146:20-147:2, attached as Exhibit

4   "D" to Declaration of Joanna Kim ["Kim Decl."] [DKT #120].)  There is no evidence

5   that Mr. Commelin improperly shared any confidential information with Akin Gump.

6   There is no evidence for the assumption that Epson's confidential information was used

7   to prepare discovery, pleadings or "solicit" class representatives.  All that Epson can

8   point to is the Powerpoint presentation, which was produced by Mr. Commelin in

9   response to a validly issued subpoena (Kim Decl., ¶3; Exh. "A"), and the use of the

10  name "Shirakami," which Epson now acknowledges in its Reply is not confidential.

11  (Epson's Reply, 5:23-24.)  Finally, there is no evidence that Akin Gump and Yuhl Stoner

12  have shared Epson's confidential information in discussions between the firms.  As

13  such, Mr. Wolfram's testimony is based on assumptions that are not supported by the

14  evidence.

15      Consequently, Mr. Wolfram testimony regarding these unsupported "facts" should

16  be stricken along with the remainder of the declaration that relies upon these

17  unsupported assumptions.  (*See e.g.,* Wolfram Decl., ¶5, p.3, lines 4-1-15; ¶ 8, p.6. lines

18  1-2; ¶ 9, p.6, lines 12-15; ¶ 15, p.8, lines 18-22.)

19      **B.    Objections to ¶ 6, p. 3, lines 17-20.**

20          1.    Declaration Testimony

21      "I also agree with Mr. Kehr that, based on the foregoing facts, YSC and AG

22  consequently have a 'duty . . . to maintain the confidentiality of information that Epson

23  claims is legally entitled to protection as such' (Kehr Decl. ¶ 3(a) (first paragraph))."

24          2.    Objections

25      Akin Gump objects to this proffered testimony on the grounds that it lacks

26  foundation and misstates the Kehr Declaration.  Fed. R. Evid. 602, 702.  Contrary to Mr.

27  Wolfram's misrepresentation, Mr. Kehr never stated that Akin Gump has a duty to

28  maintain the confidentiality of information that Epson claims is legally entitled to

1 │ protection.  In the sentence quoted out of context by Mr. Wolfram, Mr. Kehr is actually

2 │ summarizing *Epson's* contention that Plaintiffs' counsel owes a duty to Epson.

3 │ (*Compare* Kehr Decl., ¶ 3(a), p.3, ln. 7-15.)  Mr. Wolfram's improper

4 │ mischaracterization of Mr. Kehr's declaration should be stricken.

5 │       **C.**     **Objection to ¶ 14, p. 8., lines 3-12.**

6 │          1.    <u>Declaration Testimony</u>

7 │     "In addition to the conflict problem, the Firms' possession of Epson's confidential

8 │ information will likely provide unfair advantage to the class by giving it access to that

9 │ information obtained outside the formal process of discovery, involving privileged

10 │ information that the class would not be entitled to know were they represented by any

11 │ counsel other than the Firms, and without the availability of judicial intervention to

12 │ frustrate such an invasion of Epson's rights.  I do not further discuss that separate

13 │ objection, aside from observing that the fact that the class will be wrongfully

14 │ advantaged by the Firms' access to Epson's confidential information hardly cures or

15 │ otherwise removes the detriment to the class that the same access likely will cause as a

16 │ conflicts matter."

17 │          2.    <u>Objections</u>

18 │     Akin Gump objects to this proffered testimony on the grounds that it is

19 │ speculative and lacks foundation. *See* Fed. R. Evid. 602, 702.  Mr. Wolfram has no

20 │ personal knowledge regarding the information set forth in this paragraph, and Epson has

21 │ not offered any evidence that Akin Gump has obtained any privileged information or

22 │ any information that could not have obtained through formal discovery.  Moreover, Mr.

23 │ Wolfram has no basis to conclude that Akin Gump obtained information from Mr.

24 │ Commelin that would be unavailable to another firm representing the class.  Similarly,

25 │ Mr. Wolfram has no basis to conclude that Akin Gump will "likely" have an unfair

26 │ advantage.  As such, this unsupported testimony should be stricken.

27 │

28 │

**D.     Objections to ¶ 18, p. 10, lines 6-17.**

1.     Declaration Testimony

Concerns about the willingness of class counsel to discuss abandoning the interests of the class in return for a higher fee are hardly theoretical or hypothetical at this point.   Under Rule 23, such indications of the willingness of putative class counsel to sell out the class in return far a higher fee for the lawyers are obviously and directly relevant to questions of the adequacy and competence of such counsel.  Almost all class actions are settled, and all class counsel are fully aware that their compensation will very likely be negotiated along with the question of the class's recovery in almost all settlement discussions.   If my assumption is accurate, that YSC offered to settle Mr. Commelin's State Claim in return for abandoning the class claim, I doubt that any class member who was aware of that history would trust YSC to act loyally and solely in the interests of the class in negotiating a class settlement in this matter.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

6461664

8

1           2.   <u>Objection</u>

2        Akin Gump objects to this proffered testimony on the grounds that it is

3   speculative and lacks foundation. *See* Fed. R. Evid. 602, 702. Mr. Wolfram has no

4   basis to declare that "class counsel" have any willingness to abandon the interest of the

5   class in return for a higher fee. Mr. Wolfram acknowledges that the Yuhl Stoner e-mail,

6   the only evidence upon which Mr. Wolfram apparently relies, was sent before any class

7   action was filed or Yuhl Stoner represented any party in connection with this litigation

8   or prospective litigation. By definition, Yuhl Stoner could not possibly "sell out" a

9   client that it does not represent. Moreover, Mr. Wolfram's "doubts" concerning whether

10  class members would trust Yuhl Stoner are pure speculation, without any apparent

11  factual basis. This proffered testimony should be stricken.

12

13  Dated: May 10, 2010         AKIN GUMP STRAUSS HAUER & FELD LLP

14

15                  By_____/s/ Joanna H. Kim_____
16                        Joanna H. Kim
                      Attorneys for Plaintiffs
17          CHRISTOPHER O'SHEA, GISELE ROGERS
                   and JEFF ADAMS

18

19

20

21

22

23

24

25

26

27

28