LINK TO DOC. # 200

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-8063 PSG (CWx) | Date | October 12, 2010 |
|---|---|---|---|
| Title | Christopher O'Shea, *et al.* v. Epson America, Inc., *et al.* | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | | |
|---|---|---|---|
| Wendy K. Hernandez | Not Present | n/a |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:** **(In Chambers) GRANTING Plaintiffs' Motion for Leave to File a Third Amended Complaint**

Pending before the Court is Plaintiffs' Motion for Leave to File a Third Amended Complaint. The Court finds this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the moving and opposing papers, the Court GRANTS Plaintiffs' motion.

I.  Background

This lawsuit arises out of alleged material misrepresentations made by Defendants Epson America, Inc. and Epson Accessories, Inc. (collectively, "Defendants") in connection with marketing and sales campaigns for Defendants' printers and ink cartridges.[1] On June 15, 2010, Plaintiffs deposed Ms. Elizabeth Leung, the Director of Strategic Growth and Market Planning and former Director of Consumer Supplies at Epson America, Inc., pursuant to Federal Rule of Civil Procedure 30(b)(6). *Mot.* 2:14-16; *Opp.* 3:16-18. During that deposition, Ms. Leung testified about the advertising, marketing, and promotion of Defendants' products, as well as about Defendants' corporate structure – specifically, Defendants' relationship to their parent company, Seiko Epson Corporation ("Seiko Epson"). *Opp.* 3:7-15; *Morgan Decl.* Ex. C.

---

[1] As the parties are by now familiar with the general allegations and procedural history in this case, the Court incorporates by reference the factual background presented in its March 5, 2010 Order Granting in Part and Denying in Part Defendants' Motion to Dismiss. *See* Dkt. #48 (March 5, 2010).

LINK TO DOC. # 200

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-8063 PSG (CWx) | Date | October 12, 2010 |
|---|---|---|---|
| Title | Christopher O'Shea, *et al.* v. Epson America, Inc., *et al.* | | |

    Seiko Epson, Japanese corporation, is affiliated with more than 100 Epson subsidiary companies worldwide. *Opp*. 2:27-28. Although the nature and scope of Seiko Epson's responsibilities remain pivotal points of contention between the parties, particularly with respect to the relationship between Seiko Epson and Defendants, the parties do not dispute that Seiko Epson is primarily responsible for the design and manufacturing of the products at issue and, that it "performs a range of typical headquarter corporate functions." *Opp.* 13:7-12; *Mot.* 1:9-10

    Plaintiffs assert that Ms. Leung's testimony brought to light new information regarding Seiko Epson's involvement in Defendants' alleged wrongdoing. Thus, following Ms. Leung's deposition, Plaintiffs sought a stipulation for leave to file a third amended ("TAC") for the "sole purpose" of adding Seiko Epson as an additional defendant. *Mot.* 3:5-8; *see also* Dkt. #186 (July 19, 2010). The instant motion followed on August 13, 2010, and Defendants filed a timely opposition. *Mot.* 3:6

II.    <u>Legal Standard</u>

    Pursuant to Federal Rule of Civil Procedure 15(a)(2), a party may amend its pleading with the court's leave. "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). In light of the federal policy favoring the determination of cases on their merits, the policy of granting leave is to be applied with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir.2003); *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir.2001). Factors that may justify denying a Rule 15(a)(2) motion include undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, and futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). "Absent prejudice, or a strong showing of any of the remaining factors, there exists a presumption in favor of granting leave to amend." *See Eminence Capital, LLC,* 316 F.3d at 1052 (emphasis omitted).

    Once a court enters a pre-trial scheduling order, however, motions for leave to amend the pleadings are governed by Federal Rule of Civil Procedure 16. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992). Under Rule 16, a party seeking to amend a pleading after the date specified in a scheduling order must first show "good cause" for modifying the scheduling order. *Id.* at 609 ("Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment."(internal citation omitted)). Upon a showing of "good cause,"

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-8063 PSG (CWx) | Date | October 12, 2010 |
|---|---|---|---|
| Title | Christopher O'Shea, *et al.* v. Epson America, Inc., *et al.* | | |

the party seeking amendment must then demonstrate that amendment is proper under Rule 15(a). *See id.* at 607.

III.   Discussion

As the Ninth Circuit has recognized, the factors set forth in *Foman v. Davis* are generally not accorded equal weight. *DCD Programs, Ltd. v. Leighton,* 833 F.2d 183, 186 (9th Cir.1987). Prejudice to the opposing party - the so-called "touchstone" of the inquiry, *Eminence Capital, LLC,* 316 F.3d at 1052 - exists where the proposed amendment "would have greatly altered the nature of the litigation and would have required defendants to have undertaken, at a late hour, an entirely new course of defense." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir.1990). Of lesser magnitude is the factor of undue delay, which, without more, usually fails to justify denial of leave to amend. *DCD Programs, Ltd.*, 833 F.2d at 186. Bad faith, for purposes of this analysis, has included tactics such as adding a defendant for the purpose of defeating diversity jurisdiction. *See Sorosky v. Burroughs Corp*., 826 F.2d 794 (9th Cir.1987) (affirming district court's denial of leave to amend where the district court believed that the plaintiff sought to add an additional defendant solely to destroy diversity jurisdiction in the district court). Lastly, a proposed amendment is considered futile only where no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense. *Miller v. Rykoff-Sexton, Inc*., 845 F.2d 209, 214 (9th Cir. 1988). The party opposing amendment bears the burden of establishing prejudice, unfair delay, bad faith, and/or futility of amendment. *See DCD Programs, Ltd*, 833 F.2d at 187.

As noted above, Plaintiffs seek leave to amend so as to add Seiko Epson, Defendants' parent company, as an additional defendant in this class action. Based upon Ms. Leung's June 15, 2010 deposition testimony, Plaintiffs contend that Seiko Epson actively "facilitates, and has ultimate oversight and control over, the sales and marketing strategy of the products at issue at issue in this class action." *Mot*. 3:1-3 (citing *Kim Decl*., Ex. B). Plaintiffs further rely on Ms. Leung's testimony that Seiko Epson is "responsible for conducting yield testing on the printers and ink cartridges at issue in this case," in claiming that Defendants (including Seiko Epson) knew that their products generated "significant ink waste." *Mot*. 2:27-3:1.

Defendants assert that the very same testimony upon which Plaintiffs rely in support of their motion, to the contrary, compels denying Plaintiffs leave to amend. According to Defendants, Ms. Leung's testimony "unequivocally shows that Seiko Epson does not 'do any of the marketing that is actually distributed in the U.S.'". *Opp*. 4:2-3 (internal citation omitted). In

LINK TO DOC. # 200

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-8063 PSG (CWx) | Date | October 12, 2010 |
|---|---|---|---|
| Title | Christopher O'Shea, *et al.* v. Epson America, Inc., *et al.* | | |

their opposing papers, Defendants raise arguments as to three of the aforementioned *Foman* factors: futility, undue delay, and prejudice. The Court will address each in turn.

    A.    <u>Futility</u>

Defendants' primary argument is that the lack of specific, substantive allegations against Seiko Epson renders the proposed TAC futile. *Opp.* 5:5-15:6. Characterizing Ms. Leung's testimony as nothing more than "conclusory allegations that don't go beyond an ordinary parent-subsidiary relationship[,]" Defendants contend that the proposed TAC therefore fails to allege sufficient facts to support a claim against Seiko Epson. *Opp.* 2:6-7; *cf. Miller*, 845 F.2d at 214 (whether an amended pleading is futile is determined by the same standard that governs a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)). Thus, concluding that amendment would therefore be futile, Defendants argue that the Court should deny Plaintiffs leave to amend on this basis. *Opp.* 2:2-9; 5:5-15:6. The Court, however, disagrees.

Although Defendants are correct that "other judges in this District have recognized [futility as] a basis for denying leave to amend," *Opp*. 5:5-6, careful consideration of the case law reveals that the circumstances under which courts have deemed amendment futile markedly from those at present. For instance, in *Cervantes v. Wilmington Finance, Inc.* - the case upon which Defendants rely for the above proposition - the court found that amending the pleadings would be futile because the only claim plaintiff sought to add was time-barred. 2009 WL 3365929, 1-2 (C.D. Cal., 2009) (Oct. 15, 2009); *cf. Deutsch v. Turner Corp.*, 324 F.3d 692, 718 n.20 (9th Cir.2003) (affirming denial of leave to amend on the basis of futility where the statute of limitations had run). Similarly, in *EOS GMBH Electro Optical Systems v. DTM Corp*, the court denied leave to amend on grounds of futility where it had already rejected the same claims plaintiffs sought to add in the amended pleading. 2002 WL 34536679, 6 -7 (C.D. Cal.,2002); *cf. Lockheed Martin Corp. v. Network Solutions, Inc.,* 194 F.3d 980, 986 (9th Cir. 1999) (holding plaintiff's proposed amendment was futile because no appellate court or statute had established the cause of action proposed in the amended pleading).

In contrast, in *Miller v. Rykoff-Sexton, Inc.*, the Ninth Circuit found that amendment was not futile where questions of fact needed to be resolved in determining whether an actionable claim existed. 845 F.2d 209, 214 (9th Cir. 1988). Likewise, in *Bogor v. American Pony Exp., Inc.*, the defendant argued that amending the complaint to add additional defendants would be futile because the plaintiff could not state a claim against the proposed defendants. 2010 WL 3239387, 2 -3 (D.Ariz.,2010) (Aug. 16, 2010). The court rejected this argument, noting that

LINK TO DOC. # 200

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-8063 PSG (CWx) | Date | October 12, 2010 |
|---|---|---|---|
| Title | Christopher O'Shea, *et al.* v. Epson America, Inc., *et al.* | | |

"[a]s the facts emerge in th[e] case, plaintiff may be able to demonstrate [an actionable claim against the newly-added defendants,]." *Id.* Because the court could not "say with certainty that plaintiff will not be able to offer any facts supporting a valid claim against [the proposed defendants]," it therefore granted the plaintiff's motion for leave to amend the pleadings to add additional defendants. *Id.*

The instant dispute differs significantly from cases in which the proposed pleading would run afoul of the statute of limitations, re-allege claims which the court had already rejected, or assert a claim which had yet to be recognized as a viable cause of action. Rather, as in *Miller* and *Bogor*, the Court thinks it premature to conclude that Plaintiffs will not be able to allege sufficient facts to state a claim against Seiko Epson. *See Miller*, 845 F.2d at 214. The proposed TAC asserts that Seiko Epson "participates in and facilitates the marketing and sale of Epson's printers and ink cartridges throughout California and the United States, including involvement in decisions concerning the pricing and marketing of Epson products." *Proposed TAC* ¶ 21. Whether these allegations are impermissibly conclusory or whether they adequately state a claim is better addressed on a motion to dismiss. *See Spin Master LTD v. Your Store Online*, 2010 WL 3057263, 4 (C. D. Cal., 2010) (Aug. 2, 2010) ("The question of futility is better addressed on a motion to dismiss."). Because Defendants failed to establish that no set of facts can be proved under the proposed TAC that would constitute a valid and sufficient claim against Seiko Epson, the Court therefore finds that Plaintiffs' proposed amendment is not futile.

  B. <u>Undue Delay</u>

Defendants also accuse Plaintiffs of undue delay in bringing this motion. *Opp.* 15:10-17:3. As the Ninth Circuit has stated, however, the mere fact that a party could have moved at an earlier time to amend its complaint does not by itself constitute an adequate basis for denying leave to amend. *See Howey v. U.S.*, 481 F.2d 1187 (9th Cir. 1973) (holding that district court abused its discretion in denying leave to amend even though the party seeking to amend waited five years from commencement of action and motion was brought on the second day of trial).

Even if Plaintiffs could have acted more expeditiously in requesting leave to amend, Defendants fail to present evidence sufficient to establish that Plaintiffs engaged in undue delay or dilatory tactics. Plaintiffs brought their motion within the time permitted to add additional parties, and approximately two months before the October 18, 2010 deadline for amending the pleadings. *See* Dkt. #186 (July 19, 2010). Thus, the Court concludes that delay does not justify denial of leave to amend.

**LINK TO DOC. # 200**

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-8063 PSG (CWx) | Date | October 12, 2010 |
|---|---|---|---|
| Title | Christopher O'Shea, *et al.* v. Epson America, Inc., *et al.* | | |

C.  Prejudice

Lastly, Defendants contend that allowing Plaintiffs to add Seiko Epson as a defendant in this action would prejudice Seiko Epson, as well as Defendants. *Opp.* 17:7-18:7. Defendants' argument that amendment would be prejudicial is premised on the fact that Seiko Epson is a Japanese corporation located in Nagano, Japan. *Opp.* 17:15-16. As support for this argument, Defendants rely entirely on the landmark personal jurisdiction case of *Asahi Metal Indus. Co. v. Superior Court*, 480 U.S. 102, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1987). The Court is not convinced, however, that the same due process considerations which guided the Supreme Court's holding that the exercise of personal jurisdiction over Asahi was inconsistent with notions of fair play and substantial justice, *see* 480 U.S. at 115-16, likewise compel this Court to conclude that granting Plaintiff' motion for leave to amend would unduly prejudice Defendants - particularly given the well-settled policy of granting leave to amend with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). Moreover, as the Ninth Circuit has stated, "[b]ald assertions of prejudice cannot overcome the strong policy reflected in Rule 15(a) to 'facilitate a proper disposition on the merits.'" *Hurn v. Retirement Fund Trust*, 648 F.2d 1252, 1254 (9th Cir.1981) (internal citation omitted).

The Court is cognizant that granting Plaintiffs' motion will result in additional discovery in this case. However, given that granting a plaintiff leave to amend usually leads to additional discovery, courts typically require "something more" to justify denying the motion on grounds of prejudice. *See DPR Const., Inc. v. ANKA (Cortez Hill) LLC*, WL 1975166, 1 -8 (S.D. Cal., 2007). Because Defendants fail to make the requisite showing that they would be prejudiced by allowance of the amendment, the Court thus declines to deny Plaintiffs leave to amend on this basis.

IV.  Conclusion

Therefore, the Court GRANTS Plaintiffs' Motion for Leave to File a Third Amended Complaint. Plaintiffs are hereby ordered to file the Third Amended Complaint by **November 2, 2010.**

**IT IS SO ORDERED.**