CATHERINE A. CONWAY (SBN 98366)
cconway@akingump.com
REX S. HEINKE (SBN 66163)
rheinke@akingump.com
JOANNA H. KIM (SBN 183799)
jkim@akingump.com
**AKIN GUMP STRAUSS HAUER & FELD LLP**
2029 Century Park East, Suite 2400
Los Angeles, California 90067
Telephone:  310.229.1000
Facsimile:   310.229.1001

ERIC F. YUHL (SBN 102051)
eyuhl@ysclawyers.com
WILLIAM E. STONER (SBN 101418)
wstoner@ysclawyers.com
**YUHL STONER CARR LLP**
601 South Figueroa Street, Suite 2340
Los Angeles, California 90017
Telephone:  213.687.2640
Facsimile:    213.827.4200

Attorneys for Plaintiff CHRISTOPHER O'SHEA,
GISELE ROGERS and JEFF ADAMS

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER O'SHEA, GISELE ROGERS and JEFF ADAMS, individually, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>EPSON AMERICA, INC., a California corporation; EPSON ACCESSORIES, INC., a California corporation; SEIKO EPSON CORPORATION, a Japanese Corporation; and DOES 1-100, inclusive,<br><br>Defendants. | Case No. CV09-8063 PSG (CWx)<br><br>[The Honorable Philip S. Gutierrez]<br><br>**REDACTED PLAINTIFFS' RESPONSE TO DEFENDANTS' OBJECTIONS TO PLAINTIFFS' EVIDENCE IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>Date:   July 7, 2011<br>Time:   1:30 p.m.<br>Crtrm:  Roybal, 880 |

Plaintiffs Christopher O'Shea, Jeff Adams and Gisele Rogers (collectively, "Plaintiffs") hereby submit this response to the Defendants' Objections to Plaintiffs' Evidence in Opposition to Defendants' Motion for Summary Judgment.

### A.    Objections to Kim Decl., Ex. 5 at 93:8-19

<u>Defendants' Objection:  Lacks foundation.</u>

Defendants object to witness Fabrice Commelin's deposition testimony that Epson is the only company that uses Piezoelectric print heads in its consumer printers. Defendants maintain that Mr. Commelin's testimony lacks foundation because he is a sales executive and because, according to one of Epson's witnesses, another company uses the same technology.

Neither objection is valid.  First, Mr. Commelin's position as a sales executive required him to have knowledge of the products he was selling.  Indeed, he testified that his knowledge was based on "20 years of experience" of talking with, among others, technical personnel. Commelin Depo. at 20:9-21.  In addition, he testified that he was "familiar with the particular technologies being used in Epson ink jet printers" and that he was "familiar with the advantages and disadvantages over competitors' technologies versus Epson technologies[.]" *Id.* at 20:22-25, 21:23-22:1.  Mr. Commelin also testified that [REDACTED]. See *generally id.* at 19:13-23:20.  Mr. Commelin's testimony demonstrates that he had personal knowledge of the printers at issue.  His testimony has sufficient foundation.

As for Defendants' contention that Mr. Commelin is inaccurate in his statements about other printers, that goes to weight, not to foundation.  Moreover, Mr. Commelin testified that the other printer company Defendants identify as using Piezoelectric technology was "so small," he never looked at it and did not know if it used that technology. Commelin Depo. at 238:13-239:4.

B. **Objections to Kim Decl., Ex. 11**

<u>Defendants' Objection: Attorney-client privilege; work product immunity.</u>

The document in question, Exhibit 11 to the Kim Declaration, is commonly referred to as "FC330." Defendants' argument has been litigated before the Magistrate Judge, who issued an oral ruling on January 18, 2011 and a written ruling on June 30 2011, holding that FC330 is neither privileged nor attorney work-product. (Dkt. # 504 (order dated June 30, 2011); Dkt # 321; (1/18/11 Tr.), at 4:7-8:1.)

The Magistrate Judge held that FC330 is not attorney-client privileged because it "is not authored by or specifically directed to an attorney as a legal communication[,]" the alleged legal advice "constitute general efficiency goals provided to SEC and is not itself predominantly legal[,]" and, even if the legal advice could be subject to the privilege, FC330 was incorporated into a business meeting that "was clearly wider than necessary to effect legal as opposed to business purposes." (Dkt. # 504 at 1-2.)

Rejecting the claim that the document is attorney work product, the Magistrate Judge concluded that the document was not prepared in anticipation of litigation, "given that FC330 was presented in two business meeting contexts. . . ." (Dkt. # 504 at 2.) "The express use of FC330 by defendants in two such business meetings overwhelms the argument that the document was prepared for essentially legal litigation purposes." (*Id.*)

Accordingly, Defendants' argument that FC330 is privileged and attorney work product has thus already been considered and rejected.

C. **Objections to Kim Decl., Exs. 12 and 13**

<u>Defendants' Objection: Hearsay; Irrelevant.</u>

Exhibits 12 and 13 are reports on printer ink usage prepared by Spencer Lab, the company founded by Defendants' expert witness, David Spencer. Mr. Spencer has submitted an exhaustive expert report (the "Spencer Report") in support of Defendants' Opposition to the Motion for Class Certification (Dkt. # 372), which details the creation

of the reports submitted as Exhibit 12 and 13 to the Kim Declaration (*id.* at ¶¶ 25-57). The Spencer Report was filed on March 14, 2011, two weeks before the filing of Plaintiffs' Opposition to the Motion for Summary Judgment.

Mr. Spencer's deposition is now scheduled for July 29, 2011. When that deposition occurs, he will be questioned about these prior publications, consistent with the use of such evidence for impeachment.

Under these circumstances, this Court should apply the residual exception to the hearsay rule, Fed. R. Evid. 807, because the past publications from Defendants' expert on ink yields is: (1) offered as evidence of a material fact; and (2) more probative on the point for which it is offered than any other evidence Plaintiffs have been able to procure at this point of discovery. The general purpose of the rules and the interests of justice will thus be served by admitting the reports into evidence.

Defendants' relevancy objection also fails to withstand scrutiny. Defendants argue that, because Exhibit 12 was dated July 2005, it is irrelevant to the class period. However, the poor ink yields identified in Exhibit 12 reflect the same problems with the printers at issue during the class period. Indeed, Mr. Commelin testified that CX model printers, which were tested in Exhibit 12, are "just prior generations of the same printer" as the later models sold during the class period. Commelin Depo. at 24:13-25:14.

Defendants' arguments about the relevancy of Exhibit 13 likewise fail. Defendants contend that the Spencer Lab report on ink yields from Epson printers is irrelevant because two of the three printers tested were sold in Europe. However, the printers sold in Europe were "DX" models, which Mr. Commelin also testified were "prior generations" of the printers Defendants sold to the class. Commelin Depo. at 25:5-10. Thus, the ink yield results in Exhibit 13 are relevant.

### D. Objections to Kim Decl., Ex. 14

<u>Defendants' Objection: Hearsay.</u>

Exhibit 14 is ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

### E. Objections to Kim Decl., Exs. 15, 16, 19

<u>Defendants' Objection: Hearsay; Speculation (as to Ex. 16 only).</u>

Defendants do not set forth the exact nature of their hearsay objections. The documents themselves are not hearsay, because they are internal Epson emails and, thus, admissions of party opponents.

To the extent that Defendants may be objecting to the email authors' ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

First, they should be admitted for the truth of their contents under the residual exception under Federal Rule of Evidence 807. There is no reason to doubt Defendants'

1  own ■■■
2  ■■■
3  ■■■
4  ■■■
5  ■■■

6  Second, the outside statements should be admitted as evidence of Defendants'
7  state of mind. ■■■
8  ■■■
9  ■■■

10  Finally, Defendants object without elaboration to Exhibit 16 as speculation.
11-20  ■■■ [redacted]

### F.   Objections to Kim Decl., Ex. 27

<u>Defendants' Objection:  Speculation</u>

As with Exhibit 16, the nature of Defendants' objection to Exhibit 27 is unclear.
Exhibit 27 is ■■■
[redacted]

G. **Objections to Kim Decl., Ex. 28**

Defendants' Objection: Hearsay

Exhibit 28 is [REDACTED]

Nothing in this email is hearsay. [REDACTED]. Accordingly, Defendants' objections are unfounded.

Dated: July 1, 2011                **AKIN GUMP STRAUSS HAUER & FELD LLP**

By *Catherine A Conway / JMK for*
Catherine A. Conway
Attorneys for Plaintiffs
CHRISTOPHER O'SHEA, GISELE ROGERS
and JEFF ADAMS